Filed 2/1/22  Farmers and Merchants Trust v. Kennedy CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| FARMERS AND MERCHANTS TRUST COMPANY, as Successor Trustee, etc.,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON KENNEDY, as Conservator, etc.,<br><br>    Objector and Respondent;<br><br>ANNE PAULEY,<br><br>    Real Party in Interest and Appellant. | 2d Civ. No. B311559<br>(Super. Ct. No. 20PR00409)<br>(Santa Barbara County) |

An alleged trustee of a testamentary trust petitioned the probate court for instructions allowing it to recover funds distributed by a predecessor trustee.  The trial court denied the

1

petition. We affirm but not for the reasons set forth by respondent.

## FACTS

The Isabel Geis Testamentary Trust (hereafter Trust) was established in 1972. Isabel had a daughter, Victoria. Victoria was married to and divorced from Edwin Pauley. Victoria and Edwin had three children, J., Anne, and E. J. and E. suffer from developmental disabilities.[1]

Victoria was a beneficiary of the Trust while she lived. She is now deceased. J. has a separate trust. Anne and E. are beneficiaries of separate subtrusts created under the Trust. This litigation involves E.'s subtrust.

The income from the subtrusts is paid to Anne and E. during their lives. If Anne or E. die without issue, the deceased sister's share will be held in trust for the benefit of the surviving sister. If both sisters die without issue, the remaining corpus will be paid to named charities free of the Trust.

The original trustee was the Bank of California. By virtue of a merger, Union Bank succeeded as trustee.

The Trust provides that when Anne or E. attain 35 years of age, they may, by written demand to the trustee, require the distribution of one-third of their entire share.

At the time E. attained 35 years of age, she was under a conservatorship. Sharon Kennedy is the conservator of E.'s estate. In 2019, after E. had attained the age of 35, Kennedy made demand on Union Bank for a distribution of one-third of E.'s trust share. Union Bank distributed $914,378.25 to Kennedy

---

[1] We refer to some parties by their first names, not from disrespect, but to ease the reader's task.

2

for E.'s benefit.  Since at least 2009, Union Bank had from time to time made lesser distributions to Kennedy as E.'s conservator.

A few months after the distribution, Anne unilaterally removed Union Bank as trustee and named Farmers and Merchants Trust Company (F&M) as successor trustee.

*Petition for Instructions*

F&M petitioned for instructions claiming the distribution of one-third of E.'s trust to Kennedy was not authorized and sought return of the $914,378.25.

F&M relied on two paragraphs of the Trust.

Article X, paragraph E(6) (hereafter paragraph E(6)) provides:  "At no time shall the Trustee make any distribution of any income or principal of any trust hereunder to Edwin W. Pauley, Jr., whether or not he is either legal or natural guardian of the person or estate of any beneficiary and might, but for this express prohibition, otherwise be entitled to receive and manage amounts for such a beneficiary.  *At no time shall the Trustee make any distribution of any income or principal of any trust hereunder to any legal guardian of the estate of any beneficiary hereunder other than the legal guardian hereinafter designated and appointed.*  If distribution or application of funds for any such beneficiary cannot be made by the Trustee or the legal guardian designated hereunder, then no distribution shall be made until that circumstance changes and during such time or until the end of the trust, whichever first occurs, the income shall be accumulated."  (Italics added.)

Article XI paragraph B (hereafter paragraph B) provides:

"If a distribution of income or principal is required or permitted to any person who is under a legal disability and a legal guardian of the estate of such person is required, then the

3

Trustee hereof is hereby designated and appointed as the guardian of the estate and property so to be distributed and it shall act as such guardian without bond."

F&M argued that under the terms of the Trust any distribution from E.'s trust must be made to F&M as guardian of her estate. That guardian was Union Bank. Thus, it was error to make the distribution to Kennedy.

Kennedy objected. She claimed that F&M was misconstruing the Trust. She argued that the purpose of paragraph E(6) was simply to prevent Isabel Geis's former son-in-law, Edwin Pauley, from receiving Trust distributions on behalf of his children. Kennedy noted that Union Bank had previously made distributions to her for E.'s benefit. Anne received notice of those distributions, and raised no objection.

Kennedy also claimed F&M misinterpreted the terms of paragraph B.

That paragraph provides in part that if a legal guardian of the estate is required, "then the trustee hereof is hereby designated and appointed as the guardian of the estate." Kennedy argued no legal guardian is required because she was appointed conservator.

### Ruling

The trial court ruled in Kennedy's favor and against F&M. The court found that Union Bank's distribution to Kennedy was authorized under the terms of the Trust.

Anne appeals.

4

DISCUSSION

I

*Standard of Review*

The parties presented no extrinsic evidence to aid in the interpretation of the Trust instrument. Thus, we independently interpret the document. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 944.)

At the time the Trust was created, the terms "guardian" and "guardianship" were used for both children and adults. In 1990, the Legislature changed the terms to "conservator" and "conservatorship" for adults. (Prob. Code, § 1490; Stats. 1990, ch. 79.)

The parties do not dispute that as used in the Trust the terms guardian and guardianship include conservator and conservatorship.

II

*Proper Distribution of Trust Funds*

Anne contends the trial court erred in concluding that Union Bank properly distributed one-third of the funds in E.'s trust to Kennedy.

Anne argues the funds should have continued to have been held by the trustee, Union Bank, who is also the guardian under the terms of the Trust.

Paragraph E(6) prohibits the trustee from making any distribution to "any legal guardian of the estate of any beneficiary hereunder other than the legal guardian hereinafter designated and appointed." Paragraph B provides that the designated and appointed legal guardian is the trustee of the Trust.

The words of the Trust are clear. No distribution can be made to a legal guardian except the legal guardian designated by

5

the Trust.  Kennedy was not a legal guardian designated by the Trust.  This leaves open the question whether Union Bank erred when it distributed E.'s funds to Kennedy.

Kennedy relies on article XI, paragraph E of the Trust, which states:  "The primary purpose of the trust shall be to provide for the income beneficiaries, and the rights and interests of remaindermen are subordinate and incidental to that purpose. To that end all the provisions governing the trust shall be construed liberally in the interest of and for the benefit of the income beneficiaries."

Kennedy accuses Anne of viewing E.'s subtrust as a benefit to her instead of E.  Kennedy believes Anne is motivated by the benefit she will receive from E.'s subtrust should E. predecease her.

Whatever Kennedy's speculation concerning Anne's views or motivation, our task is to interpret the Trust to fulfill Isabel Geis's intent as expressed in the words of the Trust.  That intent is not to make distributions to any guardian not designated by the Trust.  There is no inconsistency between that intent and the stated primary purpose of the Trust to provide for E. as an income beneficiary.  That Anne might incidentally benefit from the Trust plan is no reason to depart from the clearly stated intent of the trustor.

Kennedy argues Anne misinterprets paragraph E(6) to say that when a beneficiary is under a disability the trustee cannot make a distribution to anyone except the guardian designated by the Trust.  It is true paragraph E(6) does not mention disability. Paragraph E(6) bars a distribution to any guardian not appointed by the Trust.  Anne argues that bar includes a distribution to Kennedy.

6

Kennedy argues that the focus of paragraph E(6) is to prevent Edwin Pauley from gaining access or control of funds intended to benefit Isabel Geis's grandchildren. Kennedy claims it is obvious that when the second sentence of the paragraph says that no distribution shall be made to any guardian other than the guardian designated in the Trust, it was referring to the legal guardian of Edwin Pauley's minor children.

But it is not at all obvious that the second sentence of paragraph E(6) was intended to apply only to the legal guardian of Edwin Pauley's minor children. The Trust does not say that. Instead, by its terms, it applies to "any legal guardian."

Kennedy relies on the language of paragraph B, stating that if a distribution is required or permitted to a person who is under a legal disability, "and a legal guardian of the estate of such person is required," the trustee is designated as the legal guardian.

Kennedy argues that no legal guardian of the estate is required for E. because she already has a conservatorship. That interpretation ignores the express language of paragraph E(6) that prohibits a distribution to any guardian who is not appointed by the Trust. The words "and a legal guardian of the estate is required" simply recognize that not all persons under a legal disability require a guardian.

Kennedy claims that article XI, paragraph F of the Trust explicitly authorizes distribution to a beneficiary under a legal disability. That paragraph provides, in part: "If a beneficiary is under legal disability the Trustee may either apply funds otherwise distributable hereunder for the account of the beneficiary or may make distributions to the legal guardian of the beneficiary."

Finally, Kennedy argues that if Anne's interpretation of the Trust is correct, no one except the trustee and the taxing authorities will benefit; then on E.'s death, Anne will benefit.

We disagree with these arguments. The trustee is the guardian of the distributed funds and must apply them for E.'s benefit. It is not a question of whether the funds must be applied for E.'s benefit; it is simply a question of who shall be the guardian or conservator of such funds.

The trustee Union Bank had the sole authority to make distribution for the benefit of E. Any such trustee would presumably consult with a court-ordered conservator in fulfilling its responsibility to a beneficiary with a developmental disability.

The parties request we simply interpret the Trust according to its terms. A literal interpretation of the Trust requires the distribution be made by the trustee. To so interpret the Trust would require the conservator, Kennedy, to return to the trustee $914,378.25. We could end it there as appellant requests.

But, like the trial court, we are mindful that E. is under the care of a court-appointed conservator. Absent unusual circumstances, it is inconceivable that a trustee of an established financial institution would deny the request of E.'s court-appointed conservator for funds for the benefit of E.

We agree with the trial court's observation that the view of Anne is "myopic." The trial judge opined that what is "critically important . . . is the fact that this whole situation is geared toward the benefit of [E.]." We agree with the trial court that "common sense . . . does come into play." Common sense dictates that we affirm the trial court's order approving the distribution to

Kennedy, the person appointed by the court to administer funds for E.'s benefit.

DISPOSITION

The judgment (order) is affirmed.  Costs on appeal are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.


9

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Law Office of Robert M. Baskin, Robert M. Baskin for Real Party in Interest and Appellant.
No response by Plaintiff.
Miller & Berryhill, Mary Jane Miller; Ferguson Case Orr Paterson, Wendy C. Lascher for Objector and Respondent.